# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

CASE NO._____

ARTHUR HALL INSURANCE INC.,

    Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant, GREAT NORTHERN INSURANCE COMPANY ("Great Northern"), pursuant to Fed.R.Civ.P. 12(b)(1) and (6), files this motion to dismiss. Plaintiff, who is not a party to, or an intended beneficiary of, the insurance contract issued by Great Northern to Redishred Acquisition, Inc. ("Redishred") does not have standing to seek a declaration concerning the contractual rights, duties and obligations of Redishred and Great Northern. Thus, Plaintiff fails to state a claim upon which relief can be granted. As grounds Great Northern states as follows:

1. According to the Complaint, Plaintiff is an insurance agent which assisted Redishred Acquisition, Inc. ("Redishred") in purchasing an insurance policy from Great Northern, which contains liability coverage for various claims by third parties. Compl. at ¶¶ 9-11.

2. Plaintiff seeks a declaration that Great Northern is obligated to provide coverage to Redishred, *i.e.* to defend and indemnify Redishred, in connection with a lawsuit filed by Erie Insurance Company against Redishred. *Id.* at ¶ 31. Neither Redishred nor Erie Insurance Company are parties to this action.

3. Plaintiff asserts that it "is interested in Great Northern's denial of coverage for Erie's claims because it has led to specific claims being asserted against Arthur Hall." *Id.* at ¶ 29. According to Plaintiff, a declaration that the policy provides coverage to Redishred "would address the claims asserted against [Arthur Hall] and assist in resolving those claims." Specifically, because Great Northern's "denial of coverage led to claims being asserted against Arthur Hall, a ruling requiring Great Northern to provide coverage would benefit Arthur Hall by mooting the claims against it." *Id.* at ¶¶ 30, 32. "A ruling requiring Great Northern to provide coverage to Redishred would allow Arthur Hall to avoid or minimize harm and damages, included in connection with having to defend against the claims asserted against it." *Id.* at ¶ 33.

4. Arthur Hall concludes therefore that "a present and justiciable controversy exists" "concerning whether the policy provides coverage for Erie's claim" and "[t]he controversy affects Arthur Hall's rights and obligations." *Id.* at ¶ 28, 30.

5. Arthur Hall's Complaint should be dismissed as it has no standing and is not the proper party to bring an action for declaratory relief determining the rights, duties and obligations of Redishred and Great Northern under the insurance contract between them and all antagonistic and adverse interests are not before the court.

## MEMORANDUM OF LAW

The requirements for standing in declaratory judgment actions are the same as in other cases. *DiMaio v. Democratic Nat'l Comm*, 520 F.3d 1299, 1301 (11th Cir. 2008). "That a plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not relieve him of the burden of satisfying the prerequisites for standing, since 'a declaratory judgment may only be issued in the case of an actual controversy.'" *Id.* "The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether *the particular plaintiff* is

HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

entitled to an adjudication of *the particular claims asserted*."[1]  *Id.   See also Guernsey v. Haley*, 107 So. 2d 184, 186 (Fla. 2d DCA 1958) ("It is elementary that a complaint [for declaratory relief] is bad where the plaintiffs have no right to institute the suit.")

"The focus of the standing inquiry is 'whether the plaintiff is the proper party to bring th[e] suit.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 981 (11th Cir. 2005) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997), "[F]or a party to be entitled to a declaratory decree [it] must have *an actual interest in the subject matter* and the relief sought should not be merely legal advice by the courts or an answer to satisfy curiosity." *Reibel v. Rolling Green Condominium A, Inc.*, 311 So. 2d 156 (Fla. 3d DCA 1975).

Arthur Hill has no actual interest in the insurance contract between Redishred and Great Northern and is not the proper party to bring this suit for a declaration of the parties' rights and obligations under the contract.  Rather, Arthur Hill improperly seeks advice from the court.  It is elementary that a declaratory judgment action is not available to declare or enforce the rights of another.  *See e.g. Merle Wood & Associates, Inc. v. Intervest-Quay Limited*, 877 So. 2d 942 (Fla. 4th DCA 2004) (Prospective sub-tenant which would never be in contractual privity with the parties to a master lease and sublease had no standing to seek a declaration of rights under the master lease and sublease); *Reibel v. Rolling Green Condominium*, *supra* (Condominium Association had no standing to bring a declaratory judgment concerning title to common elements of condominium owned by condominium unit owners); *Bartsch v. Costello*, 170 So. 3d 83, 89 (Fla. 4th DCA 2015) (Plaintiff did not have standing to bring a declaratory judgment action to enforce Department of Financial Service's rights, rather than her own).

"The question of whether, for standing purposes, a non-party to a contract has a legally

---

[1] All emphasis herein is supplied unless otherwise noted.

enforceable right therein is a matter of state law." *Bochese*, 405 F.3d at 981. The insurance contract was issued to Redishred in Florida and thus Florida law applies. *See Rando v. Government Employees Insurance Company*, 39 So. 2d 244, 245 (Fla. 2010). In Florida, only intended third party beneficiaries of a contract have a right to sue for enforcement of the contract. *Id.* "Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party." *Id.* at 982.

Arthur Hall, the insurance agent who assisted Redishred in purchasing the insurance policy, does not and cannot allege that the direct and primary object of Redishred and Great Northern in entering into a contract of liability insurance was to confer a benefit on it. Even an injured third party with a claim against the insured has no interest in the liability coverage of the policy unless and until the injured party obtains a settlement or verdict against the insured. Section 627.4136, Florida Statutes, states in pertinent part:

> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
>
> (2) …. *No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise*, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

§ 627.4136, Fla. Stat. (emphasis added).[2]

Section 627.4136 is substantive law. *See Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d

---

[2] Once a settlement or verdict has been obtained against the insured, section 627.4136(4) permits the plaintiff to move to join the insurer "for the purposes of entering final judgment or enforcing the settlement." § 627.4136(4), Fla. Stat.

1342, 1343 (M.D. Fla. 2003) ("[T]he Florida Supreme Court has declared section 627.4136(1) substantive ... Accordingly, the Court must apply section 627.4136(1) in this action:); *VanBibber v. Hartford Accident & Indem. Ins. Co.*, 439 So. 2d 880, 882-83 (Fla. 1983) (Florida's nonjoinder statute, formerly numbered 627.7264, is substantive; not procedural).

The statute prohibits any action by a third party claimant, including a declaratory judgment action, until the claimant has obtained a settlement or judgment against the insured for a cause of action which is covered by the policy. *Lantana Ins., Ltd. v. Thornton*, 118 So. 3d 250, 251 (Fla. 3d DCA 2013) (holding that third-party complaint for declaratory relief against insurer should have been dismissed); *Ace Am. Ins. Co. v. Gregorski*, 246 So. 3d 574 (Fla. 3d DCA 2018) (quashing order denying motion to dismiss complaint for declaratory relief against liability insurer when plaintiff had not complied with nonjoinder statute); *S. Owners Ins. Co. v. Mathieu*, 67 So. 3d 1156, 1159 (Fla. 2d DCA 2011) (nonjoinder statute applies even though claimant initiated declaratory judgment action was in separate proceeding); *Dollar Sys., Inc. v. Elvia*, 967 So. 2d 447, 449 (Fla. 4th DCA 2007) (dismissing declaratory judgment action against insurer pursuant to nonjoinder statute); *Int'l Special Events & Recreation Ass'n, Inc. v. Bellina*, 219 So. 3d 138, 139 (Fla. 5th DCA 2017) (same); *Star Ins. Co. v. Dominguez*, 141 So. 3d 690, 692 (Fla. 2d DCA 2014) (same); *Allstate Ins. Co. v. Stanley*, 282 F. Supp. 2d 1342, 1344 (M.D. Fla. 2003) ("Pursuant to section 627.4136(1), the [third-party claimants] cannot sue Allstate for a declaratory judgment until [they] have obtained a settlement or judgment in the underlying state court actions against Allstate's insureds.").

Since the underlying claimant, who *is* the potential intended third party beneficiary of a liability insurance policy, has no interest in the policy and no standing to bring a declaratory judgment action on the policy without a settlement or judgment, then Arthur Hill, a third party

5
HICKS, PORTER, EBENFELD & STEIN, P.A.
799 BRICKELL PLAZA, 9TH FLOOR, MIAMI, FL 33131 • TEL. 305/374-8171 • FAX 305/372-8038

for whose benefit the policy was *not* written, certainly has no standing.

Furthermore, in order to entertain a declaratory judgment action, all "antagonistic and adverse interests" must be before the court. *See Bartsch v. Costello*, 170 So. 3d 83, 89 (Fla. 4th DCA 2015 (quoting *Olive v. Mass*, 811 So. 2d 644, 657-58 (Fla. 2002)). In declaratory judgment actions involving liability coverage, the insured is the proper and a necessary, indispensable party. *See e.g. Southern-Owners Ins. Co. v. Search Automotive Technologies*, *LLC,* No. 9:12-Civ-80205-DLB, 2012 WL 13024102 (S.D. Fla. Sept. 4, 2012); *Bethel v. Security National Ins. Co.*, 949 So. 2d 219, 223 (Fla. 3d DCA 2006) ("Security National never added the policy holder, Evelyn Bethel, as a party to the action. Before any proceeding for declaratory relief is entertained, all persons who have an actual, present, adverse, and antagonistic interest in the subject matter should be before the court. ... Appellants properly asserted that Security failed to join an indispensable party.")

The underlying tort claimant is also a necessary party. *See Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540, 542-43 (11th Cir. 2015) ("'Tort claimants [are] indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.'") (quoting *Ranger Ins. Co. v. United Housing of New Mexico*, 488 F. 2d 682 (5th Cir. 1974)); *Geico General Ins. Co. v. Gould*, No. 8:12-cv-1066-T35-TBM, 2012 WL 12904409 (M.D. Fla. 2012) (same); *Allstate Ins. Co. v. Conde*, 595 So. 2d 1005, 1008 (Fla. 5th DCA 1992) ("It is, of course, essential that the injured party be a made a party to the declaratory judgment action.").

Because the necessary parties are not before the court, Plaintiff fails to state a proper claim for declaratory relief. *Barscht*, *supra*; *Bethel*, *supra*.

## CONCLUSION

For the foregoing reasons, this court should dismiss Plaintiff's Complaint for lack of standing and for failure to state a claim upon which relief can be granted.

                        Respectfully submitted,

By:    s/ Irene Porter
         IRENE PORTER
         Florida Bar No. 567280
         KACEY BENNETT
         Florida Bar No. 71476
         HICKS, PORTER, EBENFELD & STEIN, P.A.
         799 Brickell Plaza, Suite 900
         Miami, FL 33131
         Tel:    305/374-8171
         Fax:   305/372-8038
         Primary: iporter@mhickslaw.com
         kbennett@mhickslaw.com
         Secondary: eclerk@mhickslaw.com
         bpaz@mhickslaw.com
         gscheker@mhickslaw.com
         *Counsel for Defendant, Great Northern Ins. Co.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **7th** day of **February**, **2020,** the foregoing was filed using the Court's CM/ECF system that will serve a copy on:

| | |
|---|---|
| Yaniel Abreu, Esq. | Syed S. Ahmad, Esq. |
| Hunton Andrews Kurth LLP | Hunton Andrews Kurth LLP |
| 1111 Brickell Avenue, Suite 2500 | 2200 Pennsylvania Avenue, NW |
| Miami, FL 33131 | Washington, DC 20037-1701 |
| Tel:   305/810-2500 | Tel:   202/955-1500 |
| yabreu@huntonAK.com | sahmad@huntonAK.com |
| *Counsel for Plaintiff, Arthur Hall Ins. Inc.* | *Counsel for Plaintiff, Arthur Hall Ins. Inc.* |

                    By:    s/ Irene Porter
                            IRENE PORTER
                            Florida Bar No. 567280